IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


JENNIFER HOSEY                                                                                  PLAINTIFF

vs.                                          Civil No. 4:18-cv-4049

ANDREW SAUL[1],                                                                                DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Plaintiff, Sandra Lamberton, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her application for DIB on July 19, 2012. (Tr. 138, 277)[2]. In her application, Plaintiff alleged being disabled due to carpal tunnel syndrome and cervical disc degenerative [*sic*] with an alleged onset date of July 19, 2012. (Tr. 36, 138, 327). These

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.
2 References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 10, These references are to the page number of the transcript itself not the ECF page number.

1

applications were denied initially and again upon reconsideration. (Tr. 138). Plaintiff requested an administrative hearing and that administrative hearing was held on November 13, 2013. (Tr. 83-120). At this hearing, Plaintiff was present and was represented by attorney Greg Giles. (Tr.83). Plaintiff and a Vocational Expert ("VE") testified at the hearing. (Tr. 83-120).

Following the hearing, on October 17, 2014, the ALJ entered an unfavorable decision. (Tr. 134-57). The ALJ found Plaintiff had last met the insured status requirements of the Act through December 31, 2017. (Tr. 141, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 141, Finding 2). The ALJ determined Plaintiff had the following severe impairments: disorders of the back, carpal tunnel, and obesity. (Tr. 141, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings:"). (Tr. 141-43, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 143-50, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to:

> [P]erform light work. She can sit, stand that [*sic*], and/or walk for about six hours in an eight-hour workday. She should not do hand controls, but is not limited in pushing or pulling with her lower extremities. She should not climb ladders, ropes, or scaffolds more than occasionally, but is not limited in doing all other postural activities. She is not limited in reaching in any direction and in gross manipulation such as handling, but is limited in fingering and should not do fine manipulation. She has no visual, communicative, or environmental limitations.
> *Id*.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 151-52, Finding 6). The ALJ determined Plaintiff was capable of performing her past relevant work as a

housekeeper, DOT code 323.687-014. *Id*. The ALJ based this determination upon the testimony of the VE. *Id.* The ALJ found that, in the alternative, there were jobs in the significant numbers in the national economy that Plaintiff could perform. (Tr. 152-53, Finding 10). The ALJ found Plaintiff could perform the representative occupations of: sales attendant with approximately 40,000 jobs in the nation, laundry folder with approximately 22,000 jobs in the nation, or a furniture retail clerk with approximately 15,000 jobs in the nation. (Tr. 153). Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from her onset date of July 19, 2012, through the date of his decision. (Tr. 153, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (Tr. 219). On January 27, 2016, the Appeals Council granted Plaintiff's request for review and remanded the case. (Tr. 160-162). They found that the ALJ erred on three points: 1) Plaintiff's RFC was more restrictive than the hypothetical posed to the vocational expert, compromising the applicability of the vocational expert's testimony evidence; 2) The ALJ did not adequately address Plaintiff's shoulder impairment at step two or in the RFC, further analysis was found to be warranted; 3) The ALJ did not adequately evaluate the credibility of Plaintiff's allegations, including her alleged inability to sit for more than three hours or stand and walk for one hour. (Tr. 160-61). The Appeals Council ordered that upon remand the ALJ would: 1) Give further consideration to the nature and severity of Plaintiff's alleged conditions, including whether they were medically determinable and whether they were severe; 2) Further evaluate Plaintiff's subjective complaints and provide rationale in accordance with the disability regulations; 3) Give further consideration to Plaintiff's maximum RFC and provide rationale with specific references to evidence of record in support of the assessed limitations; and, 4) If warranted, obtain supplemental evidence from a vocational expert. (Tr. 161).

A second administrative hearing was held on July 17, 2017. (Tr. 53-81). At this hearing, Plaintiff was present and was represented by attorney Greg Giles. (Tr. 53). Plaintiff and a Vocational Expert ("VE") testified at the hearing. (Tr. 53-81).

Following the hearing, on August 30, 2017, the ALJ entered an unfavorable decision. (Tr. 33-52). The ALJ found Plaintiff had last met the insured status requirements of the Act through December 31, 2017. (Tr. 38, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 38, Finding 2). The ALJ determined Plaintiff had the following severe impairments: degenerative disease of the right shoulder and cervical spine, with arm pain; bilateral carpal tunnel syndrome; diabetes mellitus; and obesity. (Tr. 38-39, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings:"). (Tr. 39, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 39-44, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to:

> [P]erform light work as defined in 20 CFR 404.157(b). Specifically, the claimant can lift and carry, push and pull, up to 20 pounds occasionally and 10 pounds frequently. The claimant can stand and/or walk, and sit for six hours in an eight-hour workday. The claimant can frequently climb, but never climb ladders, ropes, or scaffolds. The claimant can occasionally reach overhead, and can otherwise frequently perform reaching, handling and fingering. The claimant can frequently balance, stoop, crouch, kneel, and crawl.
> *Id*.

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 44-46, Finding 6). The ALJ determined Plaintiff was capable of performing her past relevant work as a small parts assembler, DOT code 706.684-22. *Id*. The ALJ based this determination upon the testimony of

4

the VE. *Id.* The ALJ found that, in the alternative, there were jobs in the significant numbers in the national economy that Plaintiff could perform. (Tr. 45-46). The ALJ found that even if the RFC restricted handling and fingering to occasional, there would be an adequate number of light and sedentary job available including: call out operator, with approximately 12,500 jobs in the nation, or a counter clerk with approximately 18,000 jobs in the nation. (Tr. 46). Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from her onset date of July 19, 2012, through the date of his decision. (Tr. 46, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (Tr. 219). On March 20, 2018, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-4). On August 14, 2018, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 12, 13. This case is now ready for decision.

**2.** **Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred on three points: 1) failing to consider whether Plaintiff was eligible for a closed period of eligibility; 2) the ALJ's RFC assessment at the light exertional level was not supported by substantial evidence; and 3) failing to follow the Appeals Council order regarding Plaintiff's right shoulder. ECF No. 12, P. 1. In response, Defendant argues the ALJ's decision was supported by substantial evidence, the Plaintiff did not show a 12-month period of disabling impairment, and the ALJ complied with the Appeals Council's remand order. ECF No. 13, pp. 5-12.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d

6

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

4. **Conclusion**:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of August 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE